[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10942
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-61554-KAM

DONNA LANE,

Plaintiff-Appellant,

versus

BROWARD COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2011)

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Donna Lane appeals the district court's grant of summary judgment to Broward

County, Florida (the "County") as to her claim of "reverse" race discrimination raised

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). On appeal, Lane, who is white, argues that: (1) she established a prima facie case of race discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because the County failed to hire her as its Assistant Director of the Civil Rights Division, and (2) because the County failed to provide a legitimate, nondiscriminatory reason for not hiring her, she had no duty to show that the County's proffered reason was a pretext for discrimination. After careful review, we affirm.[1]

We review a district court's grant of summary judgment de novo. Turnes v. AmSouth Bank, NA, 36 F.3d 1057, 1060 (11th Cir. 1994). Summary judgment is proper under Fed.R.Civ.P. 56 when the pleadings and accompanying evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. Turnes, 36 F.3d at 1060. "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989). Finally, when a party fails to raise an argument before

---

[1] In addition, Lane's motion to file an out-of-time reply brief is GRANTED.

the district court, we generally will not review the argument on appeal. <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1331-35 (11th Cir. 2004).

Title VII prohibits employers from engaging in practices that discriminate on the basis of race. 42 U.S.C. § 2000e-2(a). When a claim is based on circumstantial evidence, the claim is analyzed according to the <u>McDonnell Douglas</u> burden-shifting framework. <u>E.E.O.C. v. Joe's Stone Crabs, Inc.</u>, 296 F.3d 1265, 1272 (11th Cir. 2002). Under the <u>McDonnell Douglas</u> framework:

> the plaintiff initially must establish a prima facie case of discrimination. By establishing a prima facie case, the plaintiff creates a rebuttable presumption that the employer unlawfully discriminated against her. The burden then shifts to the employer to rebut this presumption by producing evidence that its action was taken for some legitimate, non-discriminatory reason. Should the employer meet its burden of production, the presumption of discrimination is rebutted, and the inquiry proceeds to a new level of specificity, in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination. Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff.

<u>Id.</u> at 1272-73 (quotation and citations omitted).

In general, a plaintiff's prima facie burden is not onerous. <u>Vessels v. Atlanta Indep. Sch. Sys.</u>, 408 F.3d 763, 769 (11th Cir. 2005). To establish a prima facie case of failure to hire, the plaintiff may show that: "(1) she was a member of a protected class; (2) she applied and was qualified for a position for which the employer was

3

accepting applications; (3) despite her qualifications, she was not hired; and (4) the position remained open or was filled by another person outside of her protected class." Joe's Stone Crabs, 296 F.3d at 1273. We may assume, without deciding, that the plaintiff has proved her prima facie case in order to affirm a district court's ruling. Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007).

An employer's burden to articulate a non-discriminatory reason for failing to hire a plaintiff is a burden of production, not persuasion. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Thus, this burden involves no credibility determination and the court need not be persuaded that the employer was actually motivated by the proffered reason. Id.; see also Vessels, 408 F.3d at 769 (noting that there is no credibility determination made when the employer proffers a legitimate, non-discriminatory reason). Accordingly, this burden has been described as being "exceedingly light," because, "[s]o long as the employer articulates a clear and reasonably specific non-discriminatory basis for its actions, it has discharged its burden of production." Vessels, 408 F.3d at 769-70 (quotations omitted). Nevertheless, an employer fails to meet its burden of production when it provides a reason that it either did not know or was unavailable at the time it made its decision. Turnes, 36 F.3d at 1061.

After the employer meets its burden, the presumption of discrimination is eliminated, and "the employee must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination." Vessels, 408 F.3d at 771. In attempting to rebut the employer's proffered reason, the plaintiff is not allowed to recast the employer's reasons or to substitute her business judgment for the employer's judgment. Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). "If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment." Crawford, 482 F.3d at 1308.

Here, even assuming that Lane established a prima facie case of race discrimination, she did not argue before the district court that the County's proffered reason for not hiring her -- that it reclassified and never filled the position -- was illegitimate or a pretext for discrimination. Instead, she claimed that the County's only reason for not hiring her was because it asserted that she was unqualified, which she argued was a pretext for discrimination.[2] Consequently, Lane has waived any

---

[2] While Lane stated in her Response to Statement of Material Facts Contained in Defendant Broward County's Motion for Summary Judgment that "the position may have eventually been downgraded" and that several interviews took place later, these assertions can hardly be construed as an argument to the district court that the reclassification was pretextual.

argument in this respect, and has not argued that any of the possible exceptions to waiver apply here.  See Access Now, 385 F.3d at 1331-35.  Accordingly, Lane has failed to demonstrate that the district court erred in granting the County summary judgment, and we affirm.

**AFFIRMED.**